UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EARLENE JONES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-01660-JAR |
| STAN PAYNE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Earlene Jones for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee, and will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, for the reasons discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common

sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff has filed a pro se complaint pursuant to 42 U.S.C. § 1983, naming Warden Stan Payne and Investigator Bingham as defendants. She does not specify the capacity in which defendants are sued.

Plaintiff states that in June 2018, she went to visit her husband, inmate Elijah Jones, at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. (Docket No. 1 at 5). While she was entering the prison's visiting room, she was approached by correctional officers who believed she had drugs on her person. Plaintiff states that she was asked to consent to a search. She claims she consented to the search "because of a veiled threat that her husband would suffer some repercussion" if she did not.

No drugs or contraband was found on plaintiff's person. Nonetheless, plaintiff was removed from her husband's visiting list. She states she was later informed that her husband had been placed in administrative segregation and was under investigation for two months. He never spoke with anyone and was not charged. Plaintiff also asserts that her husband was unable to file a grievance because his informal resolution request was never answered.

Plaintiff states that she "is seeking damages because of the humiliation and harassment she suffered on the day of the search when she came to the prison to visit her husband." (Docket No. 1 at 5-6). Specifically, she alleges that the search to which she was subjected violated her Fourth Amendment rights. (Docket No. 1 at 6). She requests $1,000,000 in actual and punitive damages, and an additional $1,000,000 in punitive damages. (Docket No. 1 at 7).

## Discussion

Plaintiff has filed this § 1983 action alleging that defendants Payne and Bingham violated her Fourth Amendment rights when she was subjected to a search upon entering the ERDCC. For the reasons discussed below, this action must be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

### A. Plaintiff's Claims Regarding Her Husband

In her complaint, plaintiff makes mention of her husband's treatment in the ERDCC. Specifically, plaintiff alleges that her husband was in administrative segregation for two months without any charges being filed and without him speaking with anyone concerning his confinement. She also states that he was unable to file a grievance. To the extent that plaintiff is attempting to bring a claim on her husband's behalf, such a claim must fail.

Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during litigation. *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). In general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Moreover, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him").

Plaintiff lacks standing to bring any claims on her husband's behalf. Furthermore, there is no indication that plaintiff is an attorney; therefore, she is only allowed to represent herself and her own interests, not the interests of another person. As such, any claims brought on behalf of her husband must be dismissed.

### B. Claims Against Defendants Payne and Bingham

Plaintiff's claims against defendants Payne and Bingham must also be dismissed because she has failed to state an official capacity claim against them.

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir.

2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Here, plaintiff has not indicated the capacity in which she is suing defendants Payne and Bingham. As such, it is presumed that she is attempting to sue them in their official capacities only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity

5

claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Defendants Payne and Bingham are both alleged to be employed by the ERDCC, which falls within the ambit of the Missouri Department of Corrections. Therefore, a claim against defendants in their official capacities is actually against the State of Missouri.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). An official capacity claim against Payne and Bingham is actually a claim against Missouri, which is not a "person" for § 1983 purposes. Accordingly, plaintiff has failed to state official capacity claims against defendants, and her claims must be dismissed.

Even if the Court were to assume that plaintiff was suing Payne and Bingham in their individual capacities, she has still failed to state a claim against them.

Plaintiff alleges that her Fourth Amendment rights were violated when she was searched upon entering the ERDCC. The Fourth Amendment[1] to the United States Constitution prohibits unreasonable searches and seizures. *United States v. Lewis*, 864 F.3d 937, 945 (8th Cir. 2017). In order to assert his or her Fourth Amendment rights, a plaintiff must demonstrate that he or she has an expectation of privacy in the place searched, and that his or her expectation is reasonable. *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017). A prison visitor has a right to be free

---

[1] The Fourth Amendment states, in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…" U.S. Const. amend. IV.

6

from unreasonable searches and seizures. *United States v. Peoples*, 250 F.3d 630, 637 (8th Cir. 2001). However, "prison officials have the right to conduct reasonable searches of prison visitors, with far greater latitude than in other settings." *Smothers v. Gibson*, 778 F.2d 470, 473 (8th Cir. 1985).

To that end, the Eighth Circuit Court of Appeals has stated that "the Constitution mandates that a reasonable suspicion standard govern strip searches of visitors to penal institutions." *Hunter v. Auger*, 672 F.2d 668, 674 (8th Cir. 1982). In order to strip search a particular visitor under this standard, "prison officials must point to specific objective facts and rational inferences that they are entitled to draw from those facts in light of their experience." *Id*. Encounters "that are consensual in nature and do not involve coercion or restraint of liberty will not implicate the Fourth Amendment." *Jordan ex rel. Johnson v. Taylor*, 310 F.3d 1068, 1069 (8th Cir. 2002) (stating that partial strip search of eight year-old girl entering prison did not require reasonable suspicion because child's grandmother consented to search and both were told they could leave at any time).

Plaintiff provides very little details regarding the search to which she was subjected. She merely states that she was asked to consent to a search, which she did. She further claims that she felt humiliated and harassed. There is some implication, in her citation to *Hunter v. Auger*, 672 F.2d 668 (8th Cir. 1982), that she was strip searched. However, she does not specifically make that claim. Moreover, she does not provide any facts showing that the search of her person, even if it was a strip search, was unreasonable. Rather, she states that correctional officers believed she had drugs and that she consented to the search. There is nothing in these facts to indicate that plaintiff's Fourth Amendment rights were violated.

7

Furthermore, even if plaintiff's factual recitation could be said to state a Fourth Amendment claim, she fails to allege any facts demonstrating that defendants Payne and Bingham are liable for violating her constitutional rights.

In a § 1983 case, liability is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

Here, plaintiff does not allege any facts providing a causal link between defendants and the alleged deprivation of her rights. Defendants are not named in the body of the complaint, and there are no allegations concerning the actions defendants Payne and Bingham took or failed to take. Simply placing their names in the caption is not enough to assert their responsibility. *See Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations). Moreover, with regard to defendant Payne, simply alleging his overall responsibility as warden is not sufficient to demonstrate his liability for purposes of a § 1983 action. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (stating that "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). Therefore, plaintiff has failed to state a claim against defendants in their individual capacities.

For the reasons discussed above, plaintiff has failed to state either official capacity or individual capacity claims against defendants Payne and Bingham. As such, plaintiff's complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is subject to dismissal for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of February, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE